**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
LAD (AVIATION), INC. d/b/a CHARLES TAYLOR
ADJUSTING

                    Plaintiff,

    -against-

ROY ESTES,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. 23-cv-1324

## STIPULATED PERMANENT INJUNCTION

Plaintiff LAD (Aviation), Inc. d/b/a/ Charles Taylor Adjusting and Defendant Roy Estes (collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate to the following:

WHEREAS, on February 16, 2023, Plaintiff filed a Complaint against Defendant for, among other things, breach of contract, breach of fiduciary duty, unfair competition, tortious interference with contract, tortious interference with business relations, and misappropriation of confidential information, and through the Complaint requested remedies including preliminary and permanent injunctive relief and damages;

WHEREAS, on February 16, 2023, Plaintiff also filed a Proposed Order to Show Cause for Temporary Restraining Order and Preliminary Injunction; and

WHEREAS, the Parties have conferred and have agreed to enter into this Stipulated Permanent Injunction in order to resolve the Proposed Order to Show Cause for Temporary Restraining Order and Preliminary Injunction, while preserving Plaintiff's claims for damages in the Complaint.

1

NOW, WHEREFORE, the Parties enter into the following Stipulated Permanent Injunction:

    A.    <u>Non-Solicitation of Plaintiff's Customers and Suppliers</u>:

    1.    For a period of one year from February 16, 2023, Defendant is hereby enjoined from directly or indirectly contacting, soliciting, accepting solicited business from, providing services to, or in any way interfering with Plaintiff's relationship with any of the current or prospective clients, customers, or suppliers of Plaintiff listed on **Exhibit A** for the purposes of providing services that are the same as, similar to, substitutable for, or competitive with the services and/or products that Plaintiff provided or offered during the last year of Defendant's employment with Plaintiff,

    2.    For a period of one year from February 16, 2023, Defendant is hereby enjoined from directly or indirectly soliciting or accepting solicited business from, or in any way interfering with Plaintiff's relationship with any of the current or prospective clients, customers, or suppliers of Plaintiff listed on **Exhibit B** for the purposes of providing services that are the same as, similar to, substitutable for, or competitive with the services and/or products that Plaintiff provided or offered during the last year of Defendant's employment with Plaintiff.  However, this Stipulated Permanent Injunction shall not enjoin or prohibit Defendant from accepting any business offered from, or providing services to, any clients, customers, or suppliers listed on **Exhibit B** if such business is offered to Defendant by (or such services are provided in response to an offer of business to Defendant by) the client, customer, or supplier independent of any direct or indirect solicitation by Defendant (or individual or entity acting in concert with Defendant, or acting at Defendant's direction or on Defendant's behalf) following the date of this Stipulated Permanent Injunction.

3. Plaintiff does not waive any claim to damages based on Defendant's prior, current, or future acceptance of business with or from the clients, customers, and suppliers listed on **Exhibit A** or **Exhibit B** based on or relating to any claim alleged in the Complaint, including, but not limited to, any claim based on or relating to (a) the Proprietary Rights, Intellectual Property, and Restrictive Covenants Agreement with Defendant that Plaintiff signed and dated September 12, 2019 (the "Restrictive Covenants Agreement") or (b) the Investment and Shareholders' Deed Relating to the Jewel Group and associated Deed of Adherence that Plaintiff signed and date February 5, 2021 (the "Investment and Shareholders' Deed").  Defendant understands that Plaintiff has alleged and continues to allege (and Plaintiff understand that Defendant disputes) that the acceptance of any such business is a breach of Defendant's obligations to Plaintiff under the Restrictive Covenants Agreement and/or the Investment and Shareholders' Deed that may entitle Plaintiff to damages.  Defendant similarly does not waive any potential claim or counterclaim for damages against Plaintiff.

B. <u>Non-Solicitation of Plaintiff's Employees and Consultants</u>: For a period of one year from February 16, 2023, Defendant is hereby enjoined from, on Defendant's own behalf or on behalf of any other person or entity, directly or indirectly, soliciting for employment or hiring or assisting in the solicitation or hiring of any employee, consultant, or independent contractor who worked for Plaintiff during the last year of Defendant's employment with Plaintiff and, during that time, either (1) reported, directly or indirectly, to Plaintiff, (2) worked with Defendant on any project, product, or service related to Plaintiff's business, or (3) worked for or with the same customer(s) as Defendant.

C. <u>Confidential Information</u>.

1.  Defendant is hereby permanently enjoined from (a) misappropriating, disclosing, transferring, assigning, disseminating, or otherwise communicating or making available (orally, in writing or otherwise) to any person or entity any Confidential Information of Plaintiff (as defined in Section 5.1 of the Restrictive Covenants Agreement) or any part thereof, (b) using or reproducing (in whatever form) any Confidential Information for Defendant's own benefit or purposes or for the benefit or purposes of any person or entity.

2.  Within seven (7) days of entry of this Stipulated Permanent Injunction, Defendant shall certify in writing to Plaintiff that Defendant has returned or destroyed all Confidential Information relating to Plaintiff, its affiliates, and their respective businesses and affairs, and that Plaintiff does not have any Confidential Information in Plaintiff's possession, custody, or control.  Notwithstanding the foregoing, with respect to any Confidential Information relating to any claim or defense in this litigation, Defendant may satisfy this obligation by certifying that such Confidential Information was transferred to Defendant's counsel and that such Confidential Information shall be returned or destroyed within seven (7) days following the conclusion of the litigation.

D.  Defendant represents that he has been in full compliance with the provisions of Sections A, B, and C of this Stipulated Permanent Injunction at all times since February 16, 2023.

E.  Plaintiff and Defendant further stipulate and agree that this Stipulated Permanent Injunction shall issue and be effective without the need for Plaintiff to post a bond or undertaking.

F.  This Stipulated Permanent Injunction is continuing in nature and shall be binding on Defendant notwithstanding any future dismissal of this action or closure of this matter.

G.  In addition to any actual damages, in the event of any future breach of this Stipulated Permanent Injunction by Defendant, Plaintiff shall be entitled to (1) an award of

liquidated damages in the amount of $20,000.00 for each such breach and (2) payment by Defendant of Plaintiff's actual attorney's fees in connection with such breach.  Plaintiff and Defendant shall otherwise bear their own respective fees and costs in connection with the negotiation and drafting of this Stipulated Permanent Injunction.

      H.    The Court retains jurisdiction over this case to enforce the terms of this Stipulated Permanent Injunction and enter any further orders as may be necessary to ensure compliance with this Stipulated Permanent Injunction, including any contempt proceedings.  The parties consent to the Court's jurisdiction for the purpose of entering and enforcing this Stipulated Permanent Injunction.  However, such consent does not waive any jurisdictional argument on behalf of any party arising out of this litigation.

STIPULATED AND AGREED:

| LAD (AVIATION), INC. D/B/A/ CHARLES TAYLOR ADJUSTING | ROY ESTES |
|---|---|
| By: *[signature]* | *[signature]* |
| Name: Julia Pilliod | |
| Title: US Regional Head of Legal & Assurance – Claims Solutions | |
| **BLANK ROME LLP** | **APPLEBAUM LAW, P.A.** |
| */s/ John C. Kessler* | *[signature]* |
| John C. Kessler | Craig Applebaum |
| 1271 Avenue of the Americas | 1000 West Ave Apt 1407 |
| New York, NY 10020 | Miami Beach, FL 33139-4728 |
| (212) 885.5154 | (561) 703-6610 |
| John.Kessler@BlankRome.com | capplebaum@applebaumlawpa.com |

Frederick G. Sandstrom                                   *Attorney for Defendant*
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
(215) 569-5679
Gus.Sandstrom@BlankRome.com

*Attorneys for Plaintiff*

SO ORDERED this 31st day of March, 2023

_____
Hon. Jennifer H. Rearden, U.S.D.J

# EXHIBIT A

1. Argo Group

2. AXA XL, a division of AXA

3. AXIS Capital Insurance

4. Chubb – New Jersey

5. Chubb Insurance Limited – New Jersey

6. Chubb Insurance Limited – South East

7. Everest Re

8. Gatehouse Management, Inc.

9. Heritage Property & Casualty Insurance Company

10. Mt. Hawley Insurance Company

11. Peninsula Insurance Bureau

12. Peninsula Insurance Bureau – Orlando

13. Robert Marcus Loss Adjusters Ltd.

14. Sedgwick (excluding matters where Sedgwick is a third-party administrator on policies covered by Exhibit B)

15. Velocity Risk

**EXHIBIT B**

1. Catalytic Risk Managers

2. Arthur J. Gallagher & Company

3. Brown & Brown, Inc.